**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                        Plaintiff,<br><br>v.<br><br>BRANDI DIMAS (1),<br><br>                                        Defendant. | Case No.:  20-CR-365 DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE** |

Pending before the Court is Defendant Brandi Dimas' Motion to Modify Sentence pursuant to 18 U.S.C. § 3582.  (ECF No. 28.)  The Government filed a response in opposition.  (ECF No. 30.)  For the following reasons, the motion is denied.

**I.**

**BACKGROUND**

On May 1, 2020, Defendant Brandi Dimas ("Defendant") was sentenced to ten months for Bringing in Aliens without Presentation and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2.  (Judgment, ECF No. 26.)  Defendant was arrested on November 6, 2019, when a U.S. Customs and Border Protection (CBP) officer encountered Defendant driving a vehicle with a passenger at the San Ysidro Point of Entry in San Diego, CA.  (Pre-Sentence Report ("PSR"), ECF No. 18, at ¶ 4.)  Upon inspection, the CBP officer discovered a bolt holding down a panel in the wheel well of

the vehicle. (*Id.* at ¶ 5.)  When the officer opened the panel, he discovered two adult women concealed in a non-factory compartment.  (*Id.*)  The two women were identified as Chinese citizens present in the United States illegally.  (*Id.*)

Defendant's criminal history includes prior convictions for drug possession and alien smuggling. (*Id.* at ¶¶ 30-35.)  On April 16, 2009, Defendant was convicted of conspiracy to transport illegal aliens in the Southern District of Texas.  (PSR at ¶ 35.) At the time of her arrest, Defendant admitted she previously smuggled 40 undocumented aliens on 12 separate occasions.  (*Id.*)  Taking into account Defendant's previous criminal history, the Probation Office recommended a custodial sentence of 18 months, followed by three years of supervised release.  (*Id.* at ¶ 121.)  The United States also recommended a sentence of 18 months custody, while Defendant recommended a time-served sentence, based in part on concerns about Covid-19 and Defendant's medical conditions.  (ECF No. 20; ECF No. 23.)  The Court imposed a custodial sentence of 10 months.  (Judgment, ECF No. 26.)

Defendant has now served over eight months of her sentence, and is currently housed at a private GEO Group ("GEO") facility.  During her time in custody, Defendant was disciplined twice: first, for assaulting another detainee; and second, for calling a GEO staff member a "bitch."  (Opp'n at 4.)  Before being transferred to GEO, Defendant was detained at CoreCivic, where Covid-19 spread quickly.  (Def's Mot. to Mod. Sent. ("Mot."), ECF No. 28, at 3.)  Although there are currently no active Covid-19 cases at GEO, Covid-19 has spread throughout detention facilities and prisons across the country.  (*See id.*)  Defendant currently suffers from diabetes, an illness identified by the Centers for Disease Control and Prevention as a condition that places an individual at increased risk of severe illness from Covid-19.  *See Groups at Higher Risk for Serious Illness*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. In light of her vulnerability to Covid-19, Defendant now moves the Court to modify her sentence under 18 U.S.C. § 3582.  The Government opposes her motion.

/ / /

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a district "court may not modify a term of imprisonment once it has been imposed except … upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is therefore a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether "extraordinary and compelling reasons" warrant a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission."

Here, Defendant is a resident of GEO, and thus will not be considered by the BOP for compassionate release. As such, Defendant contends that she exhausted her administrative remedies because "the BOP is unable to process [her] request for early release." (Mot. at 6.) In response, the Government "acknowledges that Defendant, who is a resident of GEO, has met the exhaustion requirements, as Defendant is a resident at a

private facility and thus BOP will not consider Defendant for compassionate release." (Opp'n at 6-7.)   The Court previously concluded that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is mandatory, not jurisdictional. *See United States v. Pope*, No. 19-CR-2856-DMS (S.D. Cal. Jun. 17, 2020).   Accordingly, the requirement may be waived when, as here, the Government does not dispute that a defendant has exhausted administrative remedies and addresses the merits of the defendant's motion.   (*See* Opp'n at 7.)

     1.   <u>Extraordinary and Compelling Reasons</u>

After a defendant exhausts the administrative process, the FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]"   *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13.   Defendant contends that she meets all of these criteria. As the movant, Defendant bears the burden of establishing she is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Here, Defendant contends she demonstrates "extraordinary and compelling" circumstances because she is an "insulin dependent Type 2 diabetic," and thus is at risk for developing a serious illness from Covid-19.   (Mot. at 3.)   The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).   The Government agrees that Defendant's diabetes is a serious condition that, if combined with Covid-19, would substantially diminish her ability to provide self-care pursuant to § 1.B1.13, cmt. n 1(A)(ii).   (Opp'n at 7.)   Notwithstanding these circumstances, the United States contends Defendant is not entitled to compassionate release because she has neither demonstrated that she is not a

danger to others or the community nor that the § 3553 factors weigh in favor of release. (Opp'n at 7.)

2. <u>Danger to Others or the Community</u>

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1.  To make this assessment, the court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.  These factors are addressed in turn and overlap with the § 3553(a) factors.

Defendant does not address these factors in her motion, but the Government contends all of these factors demonstrate that Defendant remains a danger to others and the community.   First, the Government argues the nature and circumstances of Defendant's present offense demonstrate that she remains a danger to society because she smuggled aliens in a compartment that was secured with a bolt—in "a manner that present[ed] a substantial risk to their safety."  (Opp'n at 8.)   Second, the Government contends that Defendant's extensive criminal history over the past 15 years, particularly her previous conviction for smuggling aliens, indicates she remains a danger to society.  (Opp'n at 8.) Moreover, the Government notes that aside from her prior conviction, Defendant also admitted smuggling 40 aliens on approximately 12 different occasions.  (*Id.*) (citing PSR at ¶ 35.)  Finally, the Government contends that "Defendant's recent assault of another detainee while in custody for the instant offense further underscores the fact that Defendant is a serious danger to the community."  (Opp'n at 8.)  The Court agrees with the Government and finds all factors weigh against early release.

/ / /

3.   § 3553(a) Factors

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"  18 U.S.C. § 3553(a)(2)(A)-(D).

The Government contends that a sentence of less than ten months is inconsistent with the § 3553(a) factors.  (Opp'n at 8.)  First, the Government argues the current offense presented a substantial risk to the safety of the aliens, and accordingly a shorter sentence "does not reflect the seriousness of the offense."  (*Id.*)  Second, the Government contends a shorter sentence would not promote respect for the law or deter Defendant, who has previously been convicted of smuggling, from committing future crimes.  (*Id.*)  Finally, the Government contends a longer sentence is needed to protect the public from Defendant, who attacked another inmate while in custody at GEO.  (*Id.*)  Defendant did not file a reply or present any arguments regarding the § 3553(a) factors in her motion.

The Court agrees with the Government.  Under § 3553(a), Defendant's 10-month sentence is not greater than necessary to address the overarching goals of punishment, deterrence, and protection of society.  These factors weigh against releasing Defendant at this time.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is respectfully denied.

**IT IS SO ORDERED.**

Dated:  August 13, 2020

_____
Hon. Dana M. Sabraw
United States District Judge

6

20-CR-365 DMS